No. 33.—THOMAS CHEEK, plaintiff in error, *vs.* JAMES TAYLOR, *et al.* defendants in error.

Where a judgment is confessed upon a note, barred upon its face by the statute of limitations, (which has been properly pleaded) by one who is not the attorney of the defendant—the counsel of the party being absent from Court, and the party himself unable to attend on account of both mental and bodily affliction, and there is manifest equity in the defence set up to the debt— Chancery will enjoin the proceeding at law until a hearing can be had; and if the equity in the bill be sustained by the proof, order the judgment at law to be satisfied, or decree a perpetual injunction against the *scire facias* to enforce it.

In Equity, from Murray Superior Court. Decision by Judge TRIPPE, at chambers, 1st September, 1856.

This bill was filed by Thomas Cheek, complainant, against James Taylor, William Barnett and Elijah E. Wynn, defendants, to restrain defendants from proceeding to revive a dormant judgment by *scire facias.*

The bill sets forth that about the year 1836, James Taylor, then of the county of Lumpkin, but who has gone to parts unknown, being desirous of buying a certain lot of land in said county, employed complainant to go to the county of Putnam, where the owner resided to purchase it for him. Taylor agreed to pay complainant one hundred dollars, if he succeeded in making the purchase, and to pay his traveling expenses if he failed. He visited Putnam county twice in relation to this land, and succeeded in purchasing it. When complainant first went to Putnam, Taylor gave him some two hundred dollars to pay for the land, and $60 to pay his expenses, and the surplus if any, to be retained in part payment of the $100 that would be due him if he bought the land; and complainant gave his note for said sixty dollars, to be kept until the result was known.

That complainant was afterwards sued on said note, after it was barred by the statute of limitations, and owing to the sickness of complainant and the absence of his lawyer,

judgment was obtained against him at September Term, 1844, in the name of Barnett, to whom the note had been transferred.   Said judgment is now sought to be revived by *scire facias* and this bill prays for an injunction, &c.

The chancellor refused to sanction the bill and grant the injunction, on the ground that complainant is not entitled to the relief prayed.

WALKER, for plaintiff in error.

JOHNSON & JACKSON, represented by UNDERWOOD, for defendants in error.

*By the Court.*—LUMPKIN J. delivering the opinion

Taking all the facts of this case into consideration, we are inclined to think, that the bill should have been sanctioned and the injunction allowed.   And so far from the delay which has intervened operating to the prejudice of the complainant, the very fact that twenty-one years has elapsed since the debt was due, and no attempt made to collect it, notwithstanding as the bill alleges, Cheek was abundantly able to pay it, is a strong circumstance to show that the creditor did not think, himself being judge, that the debt ought to be collected; and that it would be unconscientious to do so.

The affliction of Mr. Cheek extended over two terms of the Court, including the trial term of his case.   He was unable to attend.   The counsel Mr. Daniel, whom he had employed was absent from the Court; and although the note was barred upon its face by the statute of limitations, which was properly pleaded to the action, Mr. Waites, a partner of Mr. Daniel, a young and inexperienced attorney, as the bill charges, unknown to Cheek, and without authority to do so, confessed a judgment to the plaintiff, for the principal and interest of the note, together with the costs of the suit.   Under all the circumstances of the case, Cheek should not be bound by the judgment which is *dormant* and

now sought to be revived by a *scire facias*. If he can establish the facts alleged in his bill, either the judgment should be decreed to be satisfied, or the suit to revive it perpetually enjoined.

Judgment reversed.